42 F.3d 1399
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Paul GULBENKIAN, Plaintiff-Appellant,
v.
John H. DALTON, Secretary, Department of the Navy, Defendant-Appellee.
 No. 94-15333.
 United States Court of Appeals, Ninth Circuit.
 Submitted Nov. 14, 1994.*
Decided Nov. 22, 1994.
 
 Before: WALLACE, Chief Judge, GOODWIN and NORRIS, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Paul Gulbenkian appeals pro se the district court's dismissal of his in forma pauperis action as frivolous under 28 U.S.C. Sec. 1915(d). Gulbenkian sought a permanent position as Under Secretary of the United States Navy or restoration of his prior employment with the Navy. We have jurisdiction under 28 U.S.C. Sec. 1291. We review for abuse of discretion, Denton v. Hernandez, 112 S.Ct. 1728, 1734 (1992), and affirm.
 
 
 3
 Under 28 U.S.C. Sec. 1915(d), a district court may dismiss sua sponte an in forma pauperis complaint if the court is satisfied that the action is frivolous. Id. at 1733. A complaint is frivolous if "it lacks an arguable basis either in law or in fact." Neitzke v. Williams, 490 U.S. 319, 325 (1989). In civil rights cases where the plaintiff appears pro se, the court must construe the pleadings liberally and afford plaintiff the benefit of any doubt. Karim-Panahi v. Los Angeles Police Dep't, 839 F.2d 621, 623 (9th Cir.1988).
 
 
 4
 Gulbenkian's complaint alleged that he had been denied a position as Under Secretary of the Navy despite his qualifications and mental illness disability. Gulbenkian further alleged that the Navy declined to restore him to his former employment as a project engineer. Gulbenkian asserted his supervisor forced him to resign in 1968.
 
 
 5
 After reviewing Gulbenkian's complaint, we conclude the district court did not err by dismissing it as frivolous. Gulbenkian's allegations regarding the 1968 resignation are clearly untimely. Gulbenkian also cannot establish that he is a handicapped person "otherwise qualified" for the position of Under Secretary of the Navy. Buckingham v. United States, 998 F.2d 735, 739-40 (9th Cir.1993) (an "otherwise qualified handicapped" individual is a handicapped person who can perform the essential functions of his job, with or without reasonable accommodation, without endangering the health and safety of the individual or others).
 
 
 6
 Dismissal under 28 U.S.C. Sec. 1915(d) is appropriate when, as here, the complaint lacks an arguable basis in law. Neitzke, 490 U.S. at 325. Thus, the district court did not abuse its discretion by dismissing Gulbenkian's complaint as frivolous. See Denton, 112 S.Ct. at 1734.[1]
 
 
 7
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 Because of Gulbenkian's practice of filing frivolous papers, we will not entertain a petition for rehearing in this action. Cf. Demos v. United States Dist. Court for the E. Dist. of Wash., 925 F.2d 1160, 1161 (9th Cir.) ("[t]his court has the inherent power to restrict a litigant's ability to commence abusive litigation in forma pauperis"), cert. denied, 111 S.Ct. 1082 (1991); Viser v. Supreme Court of Calif., 919 F.2d 113 (9th Cir.1989). The mandate will issue forthwith